UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HUNTER DODGE, | ) ) ) | CIVIL ACTION |
| Plaintiff, |  | NO. 4:19-40158-TSH |
| v. | ) ) |  |
| SIGNATURE FLIGHT SUPPORT CORPORATION, | ) ) ) |  |
| Defendant. | ) ) |  |

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 5)

### February 5, 2020

**HILLMAN, D.J.**

Hunter Dodge ("Plaintiff") filed this action against Signature Flight Support Corporation ("Defendant"), alleging breach of contract and violations of the Massachusetts earned sick time statute, M.G.L. c. 149 § 148. Defendant moves to dismiss the breach of contract claim. (Docket No. 5). For the following reasons, the Court ***denies*** the motion.

### Discussion

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the

facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff makes the following allegations in support of his breach of contract claim: (1) Defendant informed him of a "Disciplinary Policy" having "certain written guidelines for enforcement, sanctions, and termination" when it hired him; (2) upon accepting employment with Defendant, Plaintiff "accepted the terms of that agreement for the parameters of his employment and believed that it would be applied fairly in determining any disciplinary action against him"; (3) when Plaintiff was terminated on January 5, 2019, Defendant gave him a "Disciplinary Action Form," and this form indicated that, "in terminating [Plaintiff], [Defendant] was violating its own disciplinary policy"; and (4) Defendant breached the parties' agreement "when [it] did not apply [its] own written policies for discipline and termination in a fair and just manner." (Docket No. 1-1 at 10).

The Court determines that these allegations suffice (if only just) to state a claim for breach of contract. While they are bare of factual detail, they provide enough information for Defendant to understand—and respond to—the claim against it. *See Britton v. AthenaHealth, Inc.*, 87 Mass. App. Ct. 1139, 2015 WL 4726872, at *3 (2015) (noting that "factual detail is unnecessary at this stage of the proceedings" as long as the defendant receives "enough information to frame a responsive pleading"). For example, the Court reasonably infers from the first two allegations that the Disciplinary Policy created an employment contract between the parties; from the first and fourth allegations, that the material terms of this contract concerned procedures for disciplining employees; and from the third and fourth allegations, that Defendant breached the contract by

2

disregarding these procedures in terminating Plaintiff. Thus, the Court ***denies*** the motion to dismiss.

## **Conclusion**

For the reasons stated above, Defendant's motion is ***denied***. (Docket No. 5).

**SO ORDERED**

***/s/ Timothy S. Hillman***
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
