**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **HUNTER DODGE,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | **NO. 4:19-40158-TSH** |
| v. | ) | |
| | ) | |
| **SIGNATURE FLIGHT SUPPORT CORP.,** | ) | |
| **Defendant.** | ) | |

## ORDER ON DEFENDANT'S MOTION TO COMPEL PRODUCTION (Docket No. 28)

### DECEMBER 22, 2020

**HILLMAN, D.J.,**

Hunter Dodge ("Plaintiff") filed this wrongful employment termination action against Signature Flight Support Corporation ("Defendant") for breach of contract, violation of the Massachusetts Wage Law, and violation of the Massachusetts Earned Sick Time Law, M.G.L. c. 149 § 148C. Plaintiff, who was employed by Defendant from February 2017 to January 2019, alleges that Defendant retaliated against him for his lawful use of earned sick time on December 26, 2018 and January 5, 2019 by terminating his employment on January 5, 2019. (Compl. ¶ 4-10, Docket No. 1-1). Defendant filed this Motion to Compel to require Plaintiff to authorize the release of certain medical records to the Defendant. (Docket No. 28). For the reasons below, the Defendant's Motion is ***granted in part***.

It has been nine months since Defendant first sought the production of Plaintiff's medical records related to his sick leave requests from Plaintiff's medical provider at Dartmouth-Hitchcock Health ("Dartmouth"). (Def.'s Req. for Prod. of Docs. No. 14, Docket No. 29-1, Ex. B) (asking Plaintiff to produce "[a]ny and all doctor's notes related to any request for a leave of

absence from Defendant, including but not limited to, [sic] January 5, 2019 doctor's note referenced in Paragraph 9 of the Complaint") (Mar. 19, 2020)).  Plaintiff responded that he would return any responsive documents within his possession, but the medical records detailing Plaintiff's treatment at Dartmouth, including those from the day that Defendant terminated Plaintiff's employment, have not been produced.

On October 19, 2020, Defendant's counsel asked Plaintiff to execute a form authorizing Defendant to obtain Plaintiff's medical records from January 1, 2016 to present.  (Docket No. 29-1 at 60-65).  While the Defendant's prior Requests for Production were limited to medical records pertaining to any request for leave which Plaintiff made during the twenty-three months that he worked for Defendant, the authorization form called for Plaintiff to release an additional three years of medical records that pre and post-dated his employment.

Plaintiff's counsel demurred, stating that they had already submitted a request for the relevant medical records and would provide them to Defendant as soon as possible.  *Id.* Plaintiff's counsel also explained that the delay was due to a misunderstanding about the appropriate format of the authorization forms required by the Dartmouth recordkeeper and general conditions caused by COVID-19.  (Rudolf Aff., Docket No. 30-1 at ¶ 3).  Plaintiff informed Defendant that he would oppose any subpoena for the records.  In the interim, I extended the discovery deadline from December 2, 2020 to February 2, 2021 by joint motion to accommodate the delay in obtaining the medical records.  (Docket No. 26).  The Defendant has postponed the Plaintiff's deposition until such time as the medical records are available.  (Docket No. 29-1 at 60-65).

Defendant filed this motion to compel Plaintiff to execute an authorization form for the release of his medical records on December 4, 2020.  Plaintiff objects that the dates on the

Defendant's proposed authorization form fall outside the scope of discovery and would provide Defendant with privileged, non-relevant information, and that the motion is unnecessary because Plaintiff expects to receive the records "very soon."  (Rudolf Aff. at 2, Docket No. 30-1).

Fed. R. Civ. P. 26(b) includes "any nonprivileged matter within any party's claim that is relevant to any party's claim or defense" and which is "proportional to the needs of the case" within the scope of discovery.  By filing a lawsuit alleging that the Defendant violated Massachusetts' Earned Sick Time Law by retaliatorily firing him for lawful use of his sick time, Plaintiff has put his health—and therefore his medical records relating to his use of sick time—at issue.  Whether Plaintiff's use of sick time was justified under state law and the Defendant's defenses turn on the Plaintiff's health on the two occasions that he used sick time, which the Defendant cited as the basis for his termination.  Other medical records created during the course of his employment may also contain relevant information about his use of sick time on those two dates.

It is beyond dispute that the Defendant has a right to obtain this material in discovery.  The Court has the power to compel parties to authorize the release of their medical records to an opposing party where the records contain discoverable material. *Greenberg v. U.S.*, 1990 WL 10719139 at *3 (Sep. 7, 1990) (D. Mass.).  As Plaintiff's counsel notes, this power is typically not invoked when the providing party has already authorized their medical records to be released to their own counsel, who has agreed to furnish all relevant records to the requesting party.  Indeed, this is the sort of dispute that parties ordinarily resolve without Court mediation.

Considering that the relevant medical records span less than two years and are limited to a single patient, there has been substantial and atypical delay since Defendant first asked Plaintiff for the medical records pertaining to Plaintiff's sick leave requests in March.  Plaintiff's counsel

have not apprised the Court when they first requested the relevant medical records from Dartmouth or when they realized they had inadvertently submitted the incorrect release forms. Nor have they documented their continued efforts to obtain the requested records, summarized their recent communications with Dartmouth recordkeeping officials, or otherwise explained the basis for their representation that the sought-after medical records should be arriving "any day." (Docket No. 30 at 5).  Due to this delay, I have already extended discovery deadlines by two months until February 2, 2020 and Plaintiff's deposition, a critical component that must be completed before discovery can close, has been postponed.  It would be counterproductive to force Defendant to depose Plaintiff without the medical records, since comparing the content of the medical records to Plaintiff's testimony about how he used his sick time on December 26, 2018 and January 5, 2019 are at the heart of this case.

Under these circumstances, I am inclined to allow Defendant to attempt to obtain the medical records, rather than continue its fruitless vigil.  However, I agree with Plaintiff that Defendant has not shown why medical records preceding or subsequent to Plaintiff's employment with Defendant are relevant and fall within the scope of discovery set out by R. 26(b).

The Defendant's Motion to Compel is ***granted in part***.  Defendant is entitled to an authorization for the release of all of Plaintiff's medical records from February 1, 2017 to January 5, 2019. Plaintiff shall execute such an authorization within 7 days of this Order unless Plaintiff receives and provides the disputed medical records to Defendant on or before that date.
**SO ORDERED.**

                                                                */s/ Timothy S. Hillman*
                                                                **TIMOTHY S. HILLMAN**
                                                                **DISTRICT JUDGE**